IN RE: Maurice Allen GILBERT,
Debtor.

Maurice Allen Gilbert, Appellant,

v.

Rod Danielson, Chapter 13
Trustee, Appellee.

No. 16-55253

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2016 *

Filed December 21, 2016

Maurice Allen Gilbert, Pro Se

Rod Danielson, Pro Se

Before: WALLACE, LEAVY, and
FISHER, Circuit Judges.

MEMORANDUM **

Maurice Allen Gilbert appeals pro se
from the district court's order affirming
the bankruptcy court's order dismissing
his chapter 13 bankruptcy petition. We
have jurisdiction under 28 U.S.C.
§§ 158(d), 1291. We review de novo the
district court's decision on appeal from the
bankruptcy court and apply the same stan-
dard of review applied by the district
court. In re AFI Holding, Inc., 525 F.3d
700, 702 (9th Cir. 2008). We affirm.

The bankruptcy court did not abuse its
discretion in dismissing Gilbert's chapter
13 petition because Gilbert failed to com-
mence making payments under his chapter
13 plan. See 11 U.S.C. § 1326(a)(1)
("[D]ebtor shall commence making pay-
ments not later than 30 days after the date
of the filing of the plan...."); id.
§ 1307(c)(4) (a bankruptcy court may dis-
miss a case for "failure to commence mak-
ing timely payments under section 1326.");
see also Leavitt v. Soto (In re Leavitt), 171
F.3d 1219, 1222–23 (9th Cir. 1999) (stating
standard of review).

Contrary to Gilbert's contention, the
bankruptcy court properly exercised juris-
diction over proceedings related to Gil-
bert's chapter 13 petition prior to this
court issuing its mandate in appeal No. 15-
55260. See Sherman v. SEC (In re Sher-
man), 491 F.3d 948, 967 (9th Cir. 2007) (a
notice of appeal typically divests a bank-
ruptcy court of jurisdiction over aspects of
the case involved in the appeal but the
bankruptcy court retains jurisdiction to
implement or enforce the order and may
exercise jurisdiction over related proceed-
ings).

We reject as without merit Wade's con-
tentions that the bankruptcy court violated
due process.

Gilbert's motion to take judicial notice,
filed June 28, 2016, is denied as moot.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.